OPINION
Carrying Concealed Weapon — Suppression of Evidence Defendant-appellant was charged with Carrying a Concealed Weapon and two companion misdemeanor charges, in the Licking County Court of Common Pleas. Following the overruling of his Motion to Suppress a firearm found in appellant's automobile, appellant plead "no contest", was found guilty and was sentenced to three years community control on the felony charge. Sentence was suspended on the misdemeanors. He appeals, assigning a single error:
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE MOTION TO SUPPRESS FILED BY THE DEFENDANT-APPELLANT.
The traffic stop occurred after a Newark Police officer received a report of a vehicle containing a large dog that had been threatening individuals. The report of the dispatcher identified the car as containing a drunk driver who was threatening people up and down Elmwood Avenue. Shortly thereafter, the appellant's vehicle stopped in front of the officer. The officer observed that the vehicle generally fit the dispatcher's description and observed the driver take a drink from a bottle that he "assumed" was beer. The officer stopped the vehicle and was thereupon advised that other officers "needed to talk to the subject" concerning the threats on Elmwood Avenue. When the officer approached the driver side of the vehicle he noted a "wooden object" under the front seat. He ordered the suspect out of the vehicle and requested him to come to the cruiser. As appellant exited the vehicle the officer observed a bullet and a beer cap fall from his lap onto the front seat of the car. At about that time, dispatch advised the officer "that somebody on Elmwood had just called in, said they had brandished a weapon on him and stuck a gun in their face and to use extreme caution". Tran. at 10 — 11. Appellant was handcuffed and placed in the rear seat of the cruiser. The officer retrieved a gun from the inside of the appellant's car, without a warrant. However, evidence is in dispute as to the sequence of events that transpired. The officer testified that, before he found the gun, he received information from a person who arrived at the scene with a bloody hand and complaint against appellant, claiming that appellant had a gun. The timing of receipt of this information conflicts with other evidence allowing a finding that the officer retrieved the gun from the car before getting the message from the bloodied person. The trial court did not favor this court with specific findings as to the credibility of the evidence on this issue of sequence. The trial court, in dismissing the motion to suppress, found that the search for weapons was reasonable "for officer safety reasons; that the officer had probable cause to search without warrant under the "automobile exception." Further, the court found, "the defendant was going to be taken into custody for suspicion of operating a motor vehicle while intoxicated and the defendant's vehicle was going to be impounded and subject to an inventory search. The officers would have located the firearm. . .due to a valid inventory search. As a result, the court hereby finds that the firearm would have inevitably been discovered through a valid impound and inventory of the defendant's vehicle and as a result of [sic] the evidence shall not be suppressed." October 8, 1999, Judgment Entry. Appellant takes no issue with the traffic stop and the taking of appellant into custody. He argues that once the appellant was secured in handcuffs in the back seat of the car, there was no longer any potential for danger from a gun in the car and that the warrantless search was, therefore, unconstitutional. We overrule the assignment of error and affirm the judgment of the Licking County Common Pleas Court. The warrantless search was a valid protective sweep approved by the Ohio Supreme Court in State v. Smith (1978), 56 Ohio St.2d 405. The evidence supports the conclusion that the officer intended to further investigate the question of operation of a motor vehicle under the influence of alcohol by the administration of field sobriety checks. To accomplish this, the officer would have had to release the appellant from the handcuffs and secured position of the cruiser. The wooden object protruding from under the driver's seat and the bullet which fell from appellant's lap would reasonably arouse the suspicions of a prudent man. See Smith, 56 Ohio St.2d at 407. Therefore, a protective search was justified. Further, the officer had probable cause to believe the automobile contained evidence of crime or contraband. U.S. v. Ross (1982), 456 U.S. 798. The officer observed (1) appellant throw a beer bottle from the car, (2) a bullet and a beer bottle cap fall from appellant's lap, (3) smelled alcohol, (4) saw a wooden object sticking out from under the driver's seat and (5) received an advisement from his dispatch that someone on Elmwood had reported someone had brandished a weapon and to use extreme caution. Probable cause existed independent of whether the information from the bloodied person preceded or followed the search. Officer and public safety, as well the automobile exception to the requirement of a search warrant, are clearly legitimate grounds for the protective weapon search of the auto.
The judgment of the Licking County Common Pleas Court is affirmed.
 ____________________________ Milligan, J.
By Gwin, P.J. and Hoffman, J. concurs